UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EVONTHE HAYES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-4824** |
| **SOUTHERN FIDELITY INSURANCE COMPANY** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Southern Fidelity Insurance Company's Motion for Summary Judgment (Doc. #9) is **DENIED**. Southern Fidelity Insurance Company's alternative motion to dismiss without prejudice until the conditions precedent are complied with is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE.**

### BACKGROUND

This matter is before the court on a motion to compel the insurance appraisal process filed by plaintiff, Evonthe Hayes (Doc. #7), and a motion for summary judgment filed by defendant, Southern Fidelity Insurance Company ("SFIC") (Doc. #9).

Hayes' home, located at 45 Muirfield Drive, LaPlace, Louisiana, sustained wind and rain damage as a result of Hurricane Isaac, which made landfall on August 28, 2012. At the time of the loss, the property was covered by a homeowner's insurance policy issued by SFIC. Hayes reported the loss to SFIC, and SFIC inspected the property. On September 18, 2012, SFIC issued a check for $22,711.29 to Hayes for her Hurricane Isaac property damage.

On January 25, 2013, Hayes submitted a report from Michaelson & Messinger Insurance Specialists, LLC regarding her property damage to SFIC. That same day, a person purporting to be a SFIC adjuster came to Hayes' house unannounced and attempted to gain entry. Hayes declared

in her affidavit that she refused to allow the person inside her home because "she was wary of the man."

Thereafter, in a letter sent by certified mail and electronic mail on February 7, 2013, SFIC requested that Hayes submit to an examination under oath on February 27, 2013, and provide certain listed documents.  Hayes did not attend the meeting.  On February 28, 2013, SFIC wrote to Hayes, requesting that she reschedule the examination under oath, and confirming that Hayes allegedly refused access to the property to SFIC's independent adjustor and engineer.  In her affidavit, Hayes declared that she did not receive the letters and was therefore unaware that SFIC intended to take her examination under oath.

On May 13, 2013, Hayes' counsel wrote to SFIC's counsel stating that Hayes retained him to represent her in this matter, and that he "had been provided with your request to take [Hayes'] examination under oath."  The letter further stated that Hayes "intends to cooperate with her insurer during its 'investigation' of damage to her house from Hurricane Isaac," and requested scheduling the examination under oath.

On May 23, 2013, Hayes filed this action in the Fortieth Judicial District Court, Parish of St. John the Baptist, State of Louisiana against SFIC, alleging that SFIC breached the insurance contract and acted in bad faith by failing to properly adjust her insurance claim and not paying the appropriate amount under the policy.  SFIC timely removed the matter to the United States District Court for the Eastern District of Louisiana alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332.

On May 29, 2013, SFIC's counsel wrote to Hayes' counsel confirming their previous conversation that Hayes' counsel would provide dates for Hayes' examination under oath, dates for an inspection of the property and estimates and reports from Hayes' contractor and engineer. The letter indicated that the parties were working together to schedule the examination under oath and reinspection, and provide the relevant documentation to SFIC. Hayes' counsel responded that he would obtain dates from Hayes for the examination under oath, and asked for potential dates for the inspection.

On June 12, 2013, Hayes requested that SFIC participate in the insurance appraisal process provided in the policy. SFIC refused, stating that Hayes' request was untimely and that her chosen appraiser was not a licensed public adjustor in Louisiana. On June 28, 2013, Hayes filed a motion to compel SFIC to participate in the insurance appraisal process.

On July 1, 2013, SFIC filed a motion for summary judgment arguing that Hayes' suit should be dismissed with prejudice because she did not comply with the policy's conditions precedent to filing suit. Particularly, Hayes refused to submit to the examination under oath, and refused access to the property to SFIC's adjustor and engineer. Hayes argues that she did not receive notice of the examination under oath, and that she did not refuse access to the property for inspection, but rather that the SFIC inspector came to her home unannounced. Hayes contends that she is willing to submit to the examination under oath and allow the reinspection of the property.

## ANALYSIS

**A.   Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to

3

judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case.  Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### B.     Insurance Policy Interpretation

An insurance policy is a contract, and its interpretation is a question of law.  See Jarvis Christian Coll. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 197 F.3d 742, 746 (5th Cir. 2000). Under Louisiana law, insurance policies are construed by applying the general rules of contract interpretation set forth in the Louisiana Civil Code.  La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 630 So.2d 759, 763 (La. 1994).  The intent of the parties as reflected in the policy determines the extent of the coverage.  Id. (citing LA. CIV. CODE art. 2045 (defining contractual interpretation as "the determination of the common intent of the parties"); Garcia v. St. Bernard Parish Sch. Bd., 576 So.2d 975, 976 (La. 1991)).  The words of an insurance policy are given their "general, ordinary, plain, and proper meaning . . . unless [they] have acquired a technical meaning." Id. (citing LA. CIV. CODE art. 2047; Breland v. Schilling, 550 So.2d 609, 610 (La. 1989); Capital Bank & Trust Co. v. Equitable Life Assur. Soc'y of U.S., 542 So.2d 494, 497 (La. 1989)).  When the language is

clear and unambiguous, it must be enforced as written. See Reynolds v. Select Props. Ltd., 634 So.2d 1180, 1183 (La.1994).

The insurance policy provides in pertinent part, under "CONDITIONS":

> 4. Duties After Loss. In case of a loss to covered property, all insureds and their representatives must see that the following are done:
>
>     \*    \*    \*
>
> d. As often as we reasonably require:
>
>   (1) Show the damaged property;
>
>   (2) Provide us with records and documents we request and permit us to make copies; and
>
>   (3) Submit to examination under oath, while not in the presence of any other named insured, and sign the same.

The insurance policy further states that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within 24 months after the date of loss."

In Hamilton v. State Farm Fire & Cas. Ins. Co., 477 Fed. Appx. 162, at * 4 (5th Cir. 2012), the United States Court of Appeals for the Fifth Circuit explained an insured's duty to cooperate and provide information to the insurer:

> In an insurance contract, the insured's duty to provide information ordinarily arises only under the express policy obligations. Cooperation clauses in insurance contracts fulfill the reasonable purpose of enabling the insurer to obtain relevant information concerning the loss while the information is fresh. Compliance with insurance policy provisions are conditions precedent to recovery under the policy, which must be fulfilled before an insured may proceed with a lawsuit. Failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to suit on the policy. Such failure may be manifested by a refusal to submit to an examination under oath or a refusal to produce documents.

(internal citations omitted).

The court further explained that "[t]he purpose of the oral examination of the insured is to protect the insurer against fraud, by permitting it to probe into the circumstances of the loss, including an examination of the insured." Id.  The examination under oath "is an important tool in the claim investigation process," and by refusing to comply the insured impedes the insurer's ability to gather information about the claim. Kerr v. State Farm Fire & Cas. Co., 2013 WL 586783, at *1 (5th Cir. 2/5/2013) (citing Mosadegh v. State Farm Fire & Cas. Co., 330 Fed. Appx. 65, 66 (5th Cir. 2009)).

In Hamilton, 477 Fed. Appx. 162, at *3, the United States Court of Appeals for the Fifth Circuit stated that the insurer must show that it was prejudiced by the insured's failure to submit to the examination under oath.  However, in Kerr, 2013 WL 586783, at *1 n. 1, and Mosadegh, 330 Fed. Appx. at *1, the court stated that it would not decide the Louisiana law question of whether the insurer was required to show prejudice.  Instead, the court found that regardless of whether a showing of prejudice was required, the insurance company "has certainly demonstrated prejudice to its investigation and adjustment capacity through [plaintiff-appellant's] unwillingness to submit to the required examinations [under oath]."  Mosadegh, 330 Fed. Appx. at *1.

Although the insured's compliance with the insurance policy provisions are conditions precedent to recovery under the policy,

> [A] coorperation clause is emphatically not an escape hatch that an insurer may use to flee from liability.  It is most certainly not the law of Louisiana that any failure to comply with the policy conditions, no matter how trivial, will relieve an insurer from liability under the policy it drafted and issued.  On the contrary, a pre-trial finding that an insured breached a cooperation clause and that an insurer is not liable is "a draconian remedy which [courts] do not ordinarily favor."

Jackson v. State Farm Fire & Cas. Co., 2010 WL 724108, at *8 (E.D. La. 2/22/2010) (Vance, J.) (quoting Lee v. United Fire & Cas. Co., 607 So.2d 685, 688 (La. Ct. App. 1992)).

**C.     SFIC's Motion for Summary Judgment**

SFIC argues that it is entitled to summary judgment because Hayes failed to comply with the insurance policy conditions for filing suit by refusing to submit to an examination under oath and preventing SFIC from reinspecting the property. SFIC contends that Hayes' refusal prejudiced its investigation of the claim. Alternatively, SFIC argues that Hayes' suit should be dismissed without prejudice until she fulfills the conditions precedent to filing suit.

Hayes argues that summary judgment is not appropriate because she never received the letters[1] from SFIC requesting the examination under oath and SFIC never made an appointment to reinspect the property. Rather, she asserts she did not allow the inspector access when he arrived at the property unannounced and attempted to follow her inside, which made her uncomfortable.

Hayes has not refused to submit to an examination under oath, nor has she refused to allow a reinspection of the property. The correspondence between Hayes' counsel and SFIC's counsel indicates that the parties were attempting to coordinate the examination and inspection until SFIC filed its motion for summary judgment.

This case is distinguishable from Kerr, Mosadegh and Hamilton. In Kerr, the claim was dismissed because the plaintiff completely refused to submit to the examination under oath because he "felt" like the insurer was accusing him of fraud. Kerr v. State Farm Fire & Cas. Co., C.A. No. 11-133 (M.D. La. 3/7/12). Similarly, in Hamilton, the case was dismissed because the insureds completely refused to submit to the examinations under oath or allow reasonable inspections of their

---

[1] SFIC offered no proof that the letters were received.

property. Hamilton v. State Farm Fire & Cas. Co., 2011 WL 5078963 (E.D. La. 10/24/2011). In Mosadegh, the plaintiffs refused to submit to the examinations under oath, arguing that they would have submitted to the examinations if the insurer would have produced their claims file and revealed the defenses it intended to use to deny the claim. Mosadegh v. State Farm Fire & Cas. Co., 2008 WL 46544361 (E.D. La. 10/8/2008). However the court found that the conditions plaintiffs were placing on their obligations under the policy were not authorized by the policy or law, and the case was dismissed. Id.

In Wright v. Allstate Ins. Co., 2006 WL 3524030 (W.D. La. 12/5/06), the court denied the insurer's motion for summary judgment seeking dismissal of the plaintiffs' claims due to their failure to submit to examinations under oath and to provide requested documents. Id. The court found that the insureds had a reasonable explanation for their failure to appear for the examination under oath and that they were searching for the requested documents. Id. As a result, the court found that the insurer did not show that it had been "materially prejudiced by th plaintiffs' lack of cooperation," and refused to dismiss the suit. Id.

Hayes has not refused to submit to the examination under oath or to permit the reinspection of the property. On the contrary, the correspondence between counsel demonstrate a willingness to arrange both the examination and the inspection. Further, Hayes has a reasonable explanation for not appearing for the examination under oath in February, as she contends she did not receive notice of the scheduled meeting. SFIC has not demonstrated that it sustained substantial prejudice by the delay in obtaining Hayes' examination under oath or the inspection of the property. Hayes' property was damaged in August 2012. SFIC first requested the examination in February 2013. Hayes agreed to the examination under oath three months later, in May 2013. This delay is not so great

as to significantly blur Hayes' memory of the events. Dismissing Hayes' case with prejudice by granting SFIC's motion for summary judgment, and relieving SFIC of liability under the policy would be a draconian measure when Hayes had demonstrated a willingness to cooperate with SFIC to adjust the claim. Therefore, SFIC's motion for summary judgment is DENIED. [2]

## CONCLUSION

**IT IS HEREBY ORDERED** that Southern Fidelity Insurance Company's Motion for Summary Judgment (Doc. #9) is **DENIED**. Southern Fidelity Insurance Company's alternative motion to dismiss without prejudice until the conditions precedent are complied with is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this  2nd  day of August, 2013.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the matter is dismissed without prejudice due to Hayes' failure to comply with the conditions precedent to filing suit, the court will not address Hayes' Motion to Compel Appraisal (Doc. #7).